RANDY S. GROSSMAN
United States Attorney
RYAN A. SAUSEDO
California Bar No. 264075
Assistant U.S. Attorney
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9689
Ryan.Sausedo@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. <u>21cr636-WQH</u> |
| Plaintiff, | |
| v. | **UNITED STATES'**<br>**SENTENCING MEMORANDUM** |
| *ARAUZ ET AL.*, | Hon. William Q. Hayes |
| Defendants. | Date: 12/1/2022<br>Time: 9:00 a.m. |

The UNITED STATES OF AMERICA, by and through its counsel, RANDY S. GROSSMAN, United States Attorney, and Ryan A. Sausedo, Assistant United States Attorney, hereby files its' Sentencing Memorandum in the above-referenced matter, which is based upon the files and records of the case.

## I.   **INTRODUCTION**

Defendants Franklin Tinoco ARAUZ ("ARAUZ"), Jairo MATAMOROSS ("MATAMOROSS") and Cesar Solis BERNARD ("BERNARD") are before the Court for sentencing after pleading guilty to two counts—Possession of Cocaine and Marijuana with Intent to Distribute on Board a Vessel and Aiding and Abetting—in violation of 46 U.S.C. § 70503 and 18 U.S.C. § 2. Based on the facts and circumstances set forth below, a substantial sentence is warranted.

Maritime drug smuggling is complicated and dangerous. It requires significant skill and fortitude to transport distributable quantities of cocaine and marijuana on the high

seas—approximately 75 nautical miles from shore. Engaging in a journey that takes days, sometimes a week or more, and requires navigating hundreds of miles on the open ocean demands preparation. It also requires tremendous determination to entrust one's life to the dangers of mother nature, and the pernicious conditions that only skilled mariners know well. Defendants relied on their skill and maritime acumen during this venture. After a thorough review of the relevant sentencing factors under 18 U.S.C. § 3553(a) including the seriousness of the offense and the personal history and characteristics of each of the Defendants, the United States recommends a sentence of 57 months' custody per count, to run concurrent, followed by 3 years of supervised release, no fine, and a $200 special assessment.

## II.  STATEMENT OF FACTS

### A.  The Crime

On February 6, 2021, a Maritime Patrol Aircraft ("MPA") observed a Go-Fast Vessel ("GFV") operating with two outboard engines approximately 75 nautical miles northeast of Isla de Malpelo, Colombia, in international waters. United States Coast Guard Cutter ("USCGC") MUNRO was nearby and diverted to intercept the GFV. USCGC MUNRO also launched a small boat with an embarked boarding team to interdict the GFV vessel, along with a helicopter to intercept the GFV. As the helicopter flew over the GFV, the GFV initially stopped moving, but then began to move again. The helicopter attempted to employ warning shots to get the GFV to stop. They were ineffective as the GFV continued to operate. The helicopter then employed disabling fire to both outboard engines which was effective in bringing the GFV to a stop. The boarding team conducted a right of visit boarding of GFV and contacted the three Defendants—ARAUZ, MATAMOROSS and BERNARD.

ARAUZ was identified as the master or person in charge of the vessel but he (ARAUZ) did not make a claim of nationality for the vessel. Because there was no flag flown and no registration documents on the GFV, the United States Coast Guard ("USCG") treated the vessel as without nationality ("TWON") and conducted a full law enforcement boarding.



The United States Coast Guard conducted a full boarding and found approximately 4 bales containing cocaine, weighing approximately 100 kilograms, and 44 bales of marijuana, weighing approximately 1,000 kilograms.

**B. Defendants Statements**



During the presentence interviews, Defendants largely adopted the factual basis portion of their respective plea agreements, while providing some background information as to the offense conduct.

**III. THE GUIDELINES**

**A. Calculation**

Under USSG § 2D1.1(c)(3), the base offense level is 34. The United States is not recommending any enhancements or any reductions for role. There is a two-level downward departure for "safety-valve" under USSG § 2D1.1.(b)(18) and 5C1.2, and a three-level downward adjustment for acceptance of responsibility, followed by a two-level downward departure for a "combination of circumstances" (expeditious resolution/appeal waiver) under USSG

§ 5K2.0. All three Defendants are in Criminal History Category I, with a resulting guideline range of 70 to 87 months' custody. After review of the Section 3553(a) factors, the United States recommends a downward variance to 57 months' custody per count, to run concurrent, as being sufficient but not greater than necessary.

**B.   Government Recommendation**

Several factors justify the Government's variant recommendation.

First, with regards to a role adjustment, the United States does not believe an adjustment, either aggravating or mitigating, is supported by the facts. *See* USSG §§ 3B1.1 and 3B1.2. The defendant bears the burden of proving that he is "substantially less culpable than the average participant" and thus entitled to a downward adjustment based on his role in the offense. *See United States v. Dominguez-Caicedo*, 40 F.4th 938, 960 (9th Cir. 2022); *see also United States v. Rodriguez*, 44 F.4th 1229 (9th Cir. 2022). The Defendants cannot meet their burden in this case. The defendants operated as a team, utilizing tremendous skill, training, and maritime experience (as fishermen) to operate a relatively-small GFV with two outboard engines, filled to the brim with drugs, seventy-five nautical miles offshore. This is a skillful venture which requires planning and accountability. The three men were all essential to the successful voyage of the GFV and all were critical and equally culpable in making sure the vessel reached its intended destination. The Defendants are not less culpable than the average participant—let alone substantially less culpable. Defendants understood the scope of the crime: they possessed a large quantity of cocaine and marijuana. While Defendants may claim they did not intend to come to the United States, their role in transporting the cocaine and marijuana in the GFV was critical to the success of the trafficking venture. This fact does not diminish their relative culpability in the criminal activity. Furthermore, multiple Defendants stood to significantly prosper from their conduct, ARAUZ and MATAMOROSS were promised $10,000 dollars in payment if successful. After analyzing all the factors under Section 3B1.2, including the discretion each Defendant exercised while operating the GFV, the United State does not believe a minor role adjustment is warranted.

When turning to the Section 3553(a) factors, the United States acknowledges that a sentence below the otherwise applicable Guidelines range is warranted. Defendants pled guilty to Possession of Cocaine and Marijuana with Intent to Distribute on Board a Vessel. In adopting the factual basis sections of the plea agreements, the Defendants admit that they knowingly committed the offense conduct. During a maritime drug smuggling venture the value of the drugs, and potential profit, increases exponentially. Had this cocaine and marijuana successfully made it to the United States it would have been worth a substantial amount of money. There is no doubt that if this highly dangerous drug successfully made it to the United States, it could have led to extensive harm.

The sophistication of carrying out the offense similarly influences the Government's recommendations. Maritime drug smuggling is a complex undertaking – a venture for which Defendants preparation, expertise, experience, and efforts were critical. Defendants acted as more than mere drug couriers which this district often encounters for sentencing in land-based drug smuggling ventures. Instead, maritime smuggling requires specialized skills, and individuals similar to the Defendants are recruited because of their familiarity with the maritime environment and their surety in carrying out the job.

Furthermore, as evidenced by the final interdiction location in the Eastern Pacific Ocean, approximately 75 nautical miles northeast of Colombia, arriving here required the Defendants to prepare to be away from home for an extended period of time, and to help navigate the vessel over a multi-day journey, without a safe or reliable means of rescue. Over this journey, Defendants were required to deal with all the difficulties that navigation on the high seas generally entails, including weather and difficult communications. This requires expertise and experience that cannot be performed by just anyone. Unlike a simple drug courier who may only be responsible for drugs for a few hours and a few miles during a border crossing, this journey required the Defendants to be responsible for the cocaine and marijuana for an extended period in both duration and geography.

Lastly, given the need to generally deter others, it is essential that the sentence reflects the seriousness of this offense and the potential harm from trafficking cocaine and

marijuana on the high seas. Only a significant sentence will discourage future potential traffickers from engaging in similar crimes. The incentive to make relatively large sums of money for trafficking drugs must be combated with the deterrence of significant sentences for engaging in this criminal activity. There is a need to impose a sentence that adequately deters others from engaging in this criminal activity for the hopes of financial reward. Simply put, Defendants were entrusted to transport more than 200 pounds of cocaine and 1,000 kilograms of marijuana while operating far from land on a GFV. Defendants sentences should reflect the seriousness of the offense conduct and the variant sentence recommended by the United States appropriately accounts for the equities and mitigating factors set forth in the PSR's and each Defendant's respective pleadings.

**C.    Conclusion**

After considering the 3553(a) factors, the United States believes the recommended variant sentence of 57 months in custody, followed by 3 years' supervised release, no fine, and a $200 special assessment is sufficient but not greater than necessary.


DATED: November 28, 2022                    Respectfully submitted,

                                            RANDY S. GROSSMAN
                                            United States Attorney

                                            *s/ Ryan A. Sausedo*
                                            RYAN A. SAUSEDO
                                            Assistant U.S. Attorney